# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# PIKEVILLE

**CIVIL ACTION NO. 05-296-DLB**

**JAMES D. PRATER**                                                                          **PLAINTIFF**

**vs.**                                   **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                                    **DEFENDANT**

*******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security.  The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff James D. Prater filed an application for Supplemental Security Income (SSI) payments on July 16, 2003. (Tr. 46-49, 54-60)[1]  Plaintiff has an eighth grade, limited education and past work experience as a construction laborer.  He alleges he became unable to work in August of 2000 due to low back pain, communication difficulties, anxiety and nerves, and fear of leaving his home. (Tr. 54)  His claim was denied initially (tr. 29-32) and on reconsideration (tr. 34-36).  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on March 16, 2005, in Prestonsburg, Kentucky. (Tr. 213-43)  Plaintiff was 40 years of age at the time of that hearing. (Tr. 215)  On April 29, 2005,

---

[1]Plaintiff filed at least one prior SSI application in 2002, and the decision at issue herein references another prior SSI application in 1992.  The 1992 application proceeded through to an administrative hearing, after which benefits were denied.  The denial was upheld by the Appeals Council in 1996. (Tr. 13)  The second application was in 2002. (Tr. 51)  No further action was taken on that application after it was initially denied in July, 2002. (*Id.*)

ALJ Kemper ruled that Plaintiff was not entitled to SSI payments. (Tr. 13-19)  That decision became the final decision of the Commissioner when the Appeals Council denied review on August 17, 2005.  (Tr. 3-5)

On September 28, 2005, Plaintiff filed the instant action.  The matter has culminated in cross motions for summary judgment, which are now ripe for review.

## II.  DISCUSSION

### A.    Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Secretary of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts

2

from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date, despite sporadic work through a temporary agency. (Tr. 14) At Steps 2 and 3, the ALJ found that Plaintiff's low back condition constituted a severe impairment, but that he has no severe mental limitations. (Tr. 16) The ALJ then concluded that Plaintiff did not have an impairment or combination of impairments severe enough to meet or medically equal any listed impairment in Appendix 1, Subpart P, Regulation No. 4. (*Id.*)

At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform medium level work; that is, lifting and/or carrying 50 pounds occasionally and 25 pounds frequently. (Tr. 17) The ALJ determined that given his RFC, Plaintiff could not return to his past relevant work as a construction laborer. (*Id.*)  The ALJ therefore proceeded to the final step of the sequential evaluation.

At Step 5, ALJ Kemper found that Plaintiff could perform the full range of medium work.  He therefore concluded that Plaintiff would not be considered disabled pursuant to the Medical-Vocational Guidelines of Appendix 2 of Subpart P of the Social Security Regulations, Rule 203.25. (Tr. 18) Thus, the existence of a significant number of available jobs in the national economy was established via administrative notice.  The ALJ therefore concluded that Plaintiff was not under a disability as defined by the Social Security Act and so was not entitled to SSI payments. (Tr. 19)

3

## C.    Analysis

In this appeal, Plaintiff's sole contention of error is that the ALJ failed to articulate his consideration, if any, of the "third-party function report" completed by his wife, Barbara Prater, from whom Plaintiff is separated.  (Tr. 87-95)  He submits that the ALJ's failure to do so violates 20 C.F.R. § 416.913(d)(4) and constitutes reversible error.  Plaintiff offers that this report "is important in corroborating Plaintiff's pain complaints." (Doc. #9, p.3)[2]

In response, the Commissioner points out that Mrs. Prater offered a written statement only, rather than testimony as was the case in *Lashley v. Sec'y of Health & Human Servs.,* 708 F.2d 1048 (6th Cir. 1983).  The Commissioner further contends that her statements are not corroborated by the objective medical evidence in the record; that the subject regulation does not mandate an ALJ spell out what weight, if any, is being given to other evidentiary sources; that the ALJ stated he considered the entire record, which is sufficient in the Sixth Circuit; and that the ALJ adequately explained why Plaintiff's testimony was found not entirely credible, with Plaintiff's wife's statements about his pain and daily activities merely corroborating his.

In his motion, Plaintiff concedes that his very argument that third-party statements must be weighed, with that weight articulated in the ALJ's decision, was considered and rejected by the Western District of Tennessee in *Dunlap v. Barnhart*, 2004 WL 784837, at

---

[2]In that report, Mrs. Prater states, *inter alia,* that her husband's activities consist mostly of sitting or lying down, due to pain, and that he has limited sitting, standing, walking, and other body mechanics.  As for his mental status, she states that he is depressed or angry, has mood swings, is paranoid and scared to go out.  She indicated that he does a little housework, but does not prepare his own meals or shop for himself. (Tr. 87-95)

4

*10 (W.D. Tenn.).  Plaintiff attempts to distinguish *Dunlap* by noting that the court in that case did not specifically address the effect of the 2000 amendments to the regulation.[3]

In *Dunlap*, the claimant argued that the ALJ failed to take into consideration the lay witness testimony of two non-medical sources, pursuant to 20 C.F.R. § 404.1513(e)(2).[4] She argued that the ALJ's written decision did not specifically indicate whether he considered the testimony and statements of her daughter-in-law and her friend.  The court began by citing *Lashley v. Sec'y of Health & Human Servs.,* 708 F.2d 1048, 1054 (6th Cir. 1983), where the Sixth Circuit held that "[p]erceptible weight must be given to lay testimony where ... it is fully supported by the reports of the treating physicians."  *Dunlap*, 2004 WL 784837 at *10.  It noted, however, that while the testimony and statements of lay witnesses must be considered, an ALJ does not have to discuss every piece of evidence presented as long as the record is developed fully and fairly.  *Id.* (citing *Higgs v. Bowen,* 880 F.2d 860, 864 (6th Cir. 1988)).  With this framework in mind, the court concluded that, even though

---

[3]In support, he cites to the following language in the Federal Register:

> We are redesignating prior paragraph (e) of those sections, "Information from other sources," as paragraph (d).  Our intent in switching the positions of these two paragraphs is to make it clearer that, when we decide whether the evidence in a case is complete enough for a determination, we consider all the evidence in the case record, including the medical evidence from acceptable medical sources identified in paragraph (a), information from the individual, and any evidence that may have been provided by other sources, such as those identified in final paragraph (d).

65 FR 34950-01, at *34952.

[4]As previously noted, *see infra* note 3, the 2000 amendments switched paragraphs (d) and (e) of 20 C.F.R. §§ 404.1513, 416.913.  Therefore, even though *Dunlap* was a Title II case and involved § 404.1513(e)(2) ("information from non-medical sources"), that section has since been re-designated § 404.1513(d)(4).  This Title XVI case involves the parallel section, § 416.913(d)(4).  Therefore, the Court finds the reasoning in *Dunlap* instructive.

5

the ALJ did not specifically address the written statements of the claimant's daughter-in-law and friend in his written decision, he did specifically indicate that he carefully considered "all the evidence, including documents identified in the record as exhibits, testimony at the hearing, and any arguments presented." *Id.* According to the court, the ALJ did not err in that regard. Similarly, in this case the ALJ stated in introducing his decision that "[u]pon reviewing all of the evidence of record, [he] concludes the claimant is not disabled . . . ." (tr. 14) and, in announcing his Findings, that "[a]fter careful consideration of the entire record, [he] makes the following findings. . . ." (tr. 18).

More importantly, the Court also finds that the language of the relied-upon regulation belies Plaintiff's argument that the ALJ was not only required to consider, but also discuss Mrs. Prater's report in the body of his written decision. The regulation provides, in pertinent part:

> In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we *may* also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work. Other sources include, but are not limited to ...
>
> (4) Other non-medical sources (for example, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy).

20 C.F.R. § 416.913(d) (emphasis added). As noted by the Commissioner, the plain language of the regulation permits, but does not require, an ALJ to consider third-party reports to determine the severity of a claimant's impairment(s), and how it affects his ability to work. The federal register language pointed out by Plaintiff does not change this fact.

Plaintiff also submits that, even prior to the 2000 regulation amendment, the Ninth Circuit in *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir. 1996) required that an ALJ explain the reasons for disregarding lay witness testimony. Plaintiff's reliance upon *Nguyen*

6

is unpersuasive in his appeal to this Court.  *Nguyen* is not controlling and is contrary to Sixth Circuit precedent that is controlling.  The ALJ's failure in *Nguyen* to note testimony on a particular point offered by both the claimant and his spouse also makes that case factually distinguishable from the circumstances here.

Finally, the information offered by Plaintiff's wife about his functional abilities and mental status mirrors that asserted by Plaintiff himself.[5]  In his decision, the ALJ discussed at length the testimony offered by Plaintiff as to his limitations due to his asserted physical and mental problems, and why he found the claimant's credibility in that regard to be only fair. (Tr. 17)  That is, Plaintiff's statements about his abilities and activities did not match up with his own actions and the information evidenced by the medical sources.  Plaintiff testified not that he cannot work, but that he is refused sought-after employment once they learn he takes medication. (Tr. 219, 225) He has not had regular treatment for mental health problems, and the evidence failed to establish significant limitations in that regard. (Tr. 149-54, 155-81)  As the Sixth Circuit stated in *Higgs:*

> The [Appeals] Council's lengthy discussion of the medical evidence makes it clear that it did not credit any testimony at variance with the objective record.  That the Council did not explicitly say it would not accept hearing testimony at face value is not reversible error under the circumstances of this case. [Claimant] received a full and fair explanation of the grounds for denial of her application.

*Higgs v. Bowen,* 880 F.2d 860, 864 (6th Cir. 1988).  This reasoning applies with equal force here.  The ALJ's decision contains a full and fair explanation of the grounds for the weight given Plaintiff's functional assertions and the reasons for denial of his application.  Pursuant

---

[5]That is, with the exception of Mrs. Prater's statements that Plaintiff is unable to prepare meals and does not shop for himself.  Plaintiff testified at the hearing that he shops for and prepares his meals. (Tr. 236-37)

7

to *Higgs,* that the ALJ did not credit statements offered by Mrs. Prater which varied from the objective record is a reasonable, permissible inference to make.

For all of these reasons, the Court concludes that the ALJ's decision complies with 20 C.F.R. § 416.913(d)(4).  Plaintiff's argument to the contrary is without merit.  As there is substantial evidence to support the ALJ's finding that Plaintiff does not meet the requirements for disabled status under the Social Security Act, the ALJ's decision will be affirmed.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED.**

A Judgment in favor of Defendant will be entered contemporaneously herewith.

Dated this 14th day of August, 2006.



Signed By:

*David L. Bunning*

United States District Judge

G:\DATA\SocialSecurity\MOOs\7-05-296-Prater.MOO.wpd

8